**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

PHILIP GOLDSON,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant

Case No.

# COMPLAINT

## JURY TRIAL DEMANDED

Plaintiff Philip Goldson ("Plaintiff"), files this Complaint against JPMorgan Chase Bank, N.A. ("Chase") and states:

## INTRODUCTION

1. This is an action for actual, statutory, and punitive damages for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.
3. Venue is proper in this district under 28 U.S.C. § 1391(b) because Plaintiff resides here and the events occurred here.

## PARTIES

4. Plaintiff is a natural person residing in Hackensack, New Jersey.

5. Chase is a furnisher of information to consumer reporting agencies as defined by the FCRA.

## FACTUAL ALLEGATIONS

6. Chase furnished information to credit reporting agencies about Plaintiff's credit card account ending in 9XXXX.

7. On August 9, 2024, Chase sent Plaintiff a letter confirming the account was charged off on March 31, 2022.

8. On November 3, 2024, Chase sent another letter again confirming the March 31, 2022 charge-off date.

9. Despite these confirmations, Chase continues to report to TransUnion a charge off date of April 2022.
10. Chase admitted in its November 3, 2024 letter that it does not report the date of

last payment to credit reporting agencies.

11. Plaintiff disputed the accuracy of Chase's reporting through TransUnion multiple times:

a. First dispute - July 2024

b. Second dispute - August 2024

c. Third dispute - September 2024

12. After each dispute, Chase:

a. Failed to correct the charge-off date

b. Failed to report the date of last payment

c. Failed to provide complete account information

13. The inaccurate and incomplete information continues to appear on Plaintiff's credit reports.

14. These inaccuracies have caused Plaintiff to be denied preferred financing rates.

15. In its November 3, 2024 letter, Chase explicitly admitted "there was no date of last payment reported to the Consumer Reporting Agencies."

16. This admission confirms Chase knowingly:

a. Failed to report complete payment history

b. Omitted essential credit information

c. Provided incomplete data to credit reporting agencies

d. Continued this practice despite disputes

17. The omission of last payment information:

a. Affects credit score calculation

b. Impacts lending decisions

c. Results in incomplete credit history

d. Prevents accurate credit evaluation

18. Chase's deliberate omission of payment information demonstrates: a. Willful violation of FCRA requirements

b. Systematic failure to provide complete information

c. Reckless disregard for accuracy requirements

d. Pattern of incomplete reporting

## CAUSE OF ACTION

## Violations of FCRA § 1681s-2(b)

19. Plaintiff incorporates paragraphs 1-18.

20. Chase received notice of Plaintiff's disputes from TransUnion.

21. Chase failed to conduct reasonable investigations by: a.

Confirming correct charge-off date but not correcting reporting

b. Admitting failure to report last payment date

c. Continuing to furnish incomplete information

22. Chase's own letters dated August 9, 2024 and November 3, 2024 prove it knows the correct information but fails to report it accurately.

23. Chase's actions were willful and/or negligent.

24. As a result, Plaintiff suffered actual damages including denial of preferred credit rates.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

1. Actual damages;
2. Statutory damages of $1,000;
3. Punitive damages;
4. Costs and reasonable attorney fees;
5. Such other relief as the Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: November 20, 2024

Respectfully submitted,

Philip Goldson
140 State Street Apt 1A
Hackensack, NJ 07601
718-395-0532
klassick.barz@gmail.com
Plaintiff Pro Se