**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

PHILIP GOLDSON,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant

**Case No. 2:24-cv-10869-SDW-JRA**

# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Philip Goldson, proceeding pro se, respectfully moves this Court for summary judgment on his claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and for summary judgment dismissing Defendant's counterclaim. This motion is supported by the accompanying memorandum of law, declaration, and exhibits.

The undisputed material facts, established through Defendant's own binding admissions in discovery, demonstrate that Chase willfully violated the FCRA by reporting inaccurate information and failing to correct it despite multiple disputes and written confirmations of the correct information. Chase's own sworn admissions remove all factual disputes from this case and entitle Plaintiff to judgment as a matter of law.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant summary judgment in favor of Plaintiff on his FCRA claims;
2. Grant summary judgment dismissing Defendant's counterclaim;
3. Award Plaintiff statutory damages, actual damages, punitive damages, costs, and attorney fees; and
4. Grant such other relief as the Court deems just and proper.

Dated: July 31, 2025

Respectfully submitted,

Philip Goldson
Plaintiff Pro Se

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

PHILIP GOLDSON,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant

**Case No. 2:24-cv-10869-SDW-JRA**

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Chase's own binding admissions in discovery establish clear and willful violations of the Fair Credit Reporting Act (FCRA) that entitle Plaintiff to summary

judgment. Through their sworn responses to Requests for Admission, Chase has admitted that: (1) they confirmed in writing twice that Plaintiff's account charged off on March 31, 2022; (2) they reported to credit bureaus that April 2022 was the charge-off month; (3) they received multiple disputes but willfully failed to correct this known inaccuracy; and (4) their retaliatory counterclaim was filed only in response to Plaintiff's FCRA lawsuit after making no collection attempts for over 33 months.

Chase cannot create genuine issues of material fact by contradicting their own sworn admissions, which are binding and "remove facts from contention." American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988).[1]

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

The following material facts are undisputed based on Chase's binding admissions in their Responses to Requests for Admission:

1. Chase's letter dated August 9, 2024 states that Plaintiff's account "was charged off on March 31, 2022." (Request for Admission No. 1 - ADMITTED)

2. Chase's letter dated November 3, 2024 states that Plaintiff's account "was charged off on March 31, 2022." (Request for Admission No. 2 - ADMITTED)

3. Chase reported to TransUnion that "April 2022 was the first full month that Plaintiff's account was charged off." (Request for Admission No. 3 - ADMITTED)

4. Chase admits that its November 3, 2024 letter "mistakenly states that 'there was no date of last payment reported to the Consumer Reporting Agencies.'" (Request for Admission No. 4 - ADMITTED)

5. Chase received at least three ACDV forms from TransUnion regarding disputes of Plaintiff's account in 2024. (Request for Admission No. 5 - ADMITTED)

6. Plaintiff's last payment on the account was made on October 15, 2021. (Request for Admission No. 6 - ADMITTED)

7. Chase made no collection attempts on Plaintiff's account between March 31, 2022 and January 22, 2025 - a period of over 33 months. (Request for Admission No. 7 - ADMITTED)

8. Chase filed its counterclaim against Plaintiff "as part of its responsive pleading to Plaintiff's complaint in the instant action." (Request for Admission No. 8 - ADMITTED)

9. The charge-off of Plaintiff's account occurred on March 31, 2022. (Request for Admission No. 10 - ADMITTED)
10. Chase did not correct the charge-off date reporting after sending its letters to Plaintiff in August and November 2024 "because its furnishing was correct." (Request for Admission No. 12 - ADMITTED)
11. Chase was required under the FCRA to investigate Plaintiff's disputes regarding the accuracy of his credit reporting. (Request for Admission No. 15 - ADMITTED)

## III. LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Judicial admissions are conclusive and binding, removing facts from contention. Fed. R. Civ. P. 36(b).

## IV. ARGUMENT

### A. Chase Willfully Violated the FCRA by Reporting Inaccurate Information

The FCRA requires furnishers to provide accurate information to consumer reporting agencies. 15 U.S.C. § 1681s-2(a). Chase has conclusively admitted that:

- The actual charge-off date was March 31, 2022 (confirmed in two separate letters and admitted under oath)
- They reported April 2022 as the charge-off month to credit bureaus
- This reporting discrepancy continued despite their written confirmations of the correct date
- They refused to correct the inaccuracy because they claimed "its furnishing was correct"

Courts have consistently held that incorrect charge-off dates constitute material inaccuracies under the FCRA. See Seamans v. Temple University, 744 F.3d 853 (3d Cir. 2014). Chase's semantic distinction between the "charge-off date" and "first full month of charge-off" is exactly the type of technical wordplay that courts reject when evaluating FCRA accuracy requirements. The Supreme Court in TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021), recognized that material inaccuracies in credit reports constitute concrete harm satisfying Article III standing requirements.

**Chase's conduct was particularly egregious and willful because they:**

- Confirmed the correct date in writing twice
- Received multiple specific disputes about this exact issue
- Admitted their November letter contained "mistaken" information
- Failed to correct despite having definitive knowledge
- Claimed their inaccurate furnishing was "correct" despite their own contrary admissions

**B. Chase Failed to Conduct Reasonable Investigations After Notice of Disputes**

Under 15 U.S.C. § 1681s-2(b), after receiving notice of a dispute from a consumer reporting agency, Chase was required to conduct a reasonable investigation and correct any inaccuracies. Chase admits that:

- They received at least three ACDV forms regarding Plaintiff's account in 2024
- They were required to investigate under the FCRA
- They did not correct the charge-off date reporting despite having confirmed the correct date in writing
- They justified their failure to correct by claiming their inaccurate furnishing was "correct"

The failure to correct known inaccuracies after receiving disputes constitutes a clear violation of the FCRA's investigation requirements. Johnson v. MBNA America Bank, 357 F.3d 426 (4th Cir. 2004); Saunders v. Branch Banking & Trust Co., 526 F.3d 142 (4th Cir. 2008).

**C. Chase's Violations Were Willful and Entitle Plaintiff to Enhanced Damages**

Chase's violations constitute willful noncompliance under 15 U.S.C. § 1681n because:

1. **Actual Knowledge:** Chase had definitive knowledge of the correct charge-off date (confirmed in two letters and admitted under oath)
2. **Multiple Disputes:** Chase received at least three dispute notifications but failed to correct the reporting
3. **Continued Violations:** Chase continued the inaccurate reporting despite written confirmations and disputes
4. **Reckless Disregard:** Chase's claim that their inaccurate furnishing was "correct" demonstrates reckless disregard for FCRA requirements
5. **Pattern of Inaccuracy:** Chase admitted providing "mistaken" information to consumers regarding their reporting practices

Willful violations include "reckless disregard" of statutory requirements. Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 57 (2007). Chase's conduct clearly meets this standard.

**D. Defendant's Counterclaim Should Be Dismissed**

Chase's counterclaim should be dismissed based on multiple grounds established by their own admissions:

**1. Laches:** Chase admits it made no collection attempts from March 31, 2022 to January 22, 2025 - over 33 months of unexplained delay. This unreasonable delay, combined with Chase's admission that the counterclaim was filed "as part of its responsive pleading" to Plaintiff's FCRA lawsuit, establishes the retaliatory nature of the claim and supports dismissal under laches.

**2. Unclean Hands:** Chase's admitted willful FCRA violations bar recovery on its counterclaim under the doctrine of unclean hands.

**3. Offset:** Any recovery on the counterclaim should be offset by Plaintiff's FCRA damages, which exceed the alleged debt amount.

**4. Retaliatory Nature:** Chase's admission that the counterclaim was filed only in response to Plaintiff's lawsuit, after 33 months of inaction, demonstrates its retaliatory and bad faith nature.

**E. Plaintiff Has Suffered Concrete Harm and Is Entitled to Damages**

Plaintiff has suffered concrete harm through Chase's inaccurate credit reporting, satisfying Article III standing requirements under TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021). The specific harms include denial of preferred financing rates, higher interest rates offered, time and expense of multiple disputes, and ongoing credit score impact.

**V. CONCLUSION**

Chase's own binding admissions establish clear and willful FCRA violations that entitle Plaintiff to summary judgment. There are no genuine disputes of material fact regarding Chase's inaccurate reporting, failed investigations, or willful conduct. Chase cannot create factual disputes by contradicting their own sworn admissions, which conclusively establish liability.

Similarly, Chase's counterclaim should be dismissed based on laches, unclean hands, offset, and its retaliatory nature as established by Chase's own admissions.

This motion seeks resolution of clear legal violations, allowing the Court to focus on damages and relief at the upcoming October 14, 2025 settlement conference rather than liability.[2]

Respectfully submitted,

Philip Goldson

**Footnotes:** [1] Judicial admissions are binding statements that parties cannot later contradict, distinguishing them from mere evidentiary admissions.

[2] This Court has scheduled a settlement conference for October 14, 2025, which would benefit from clarity on liability issues.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

PHILIP GOLDSON,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant

**Case No. 2:24-cv-10869-SDW-JRA**

**DECLARATION OF PHILIP GOLDSON**

I, Philip Goldson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Plaintiff in this action and have personal knowledge of the facts set forth in this declaration.
2. I held a Chase credit card account ending in 2315 from approximately October 2019 until it was charged off.

3. My last payment on the account was made on October 15, 2021.
4. In 2024, I discovered inaccuracies in how Chase was reporting my account to credit reporting agencies and filed multiple disputes with TransUnion regarding these inaccuracies.
5. On August 9, 2024, I received a letter from Chase that explicitly stated: "Your account was charged off on March 31, 2022." A true and correct copy of this letter is attached as Exhibit A.
6. On November 3, 2024, I received another letter from Chase that again stated: "Your account was charged off on March 31, 2022." This letter also stated: "We have confirmed there was no date of last payment reported to the Consumer Reporting Agencies." A true and correct copy of this letter is attached as Exhibit B.
7. Despite these written confirmations from Chase stating the charge-off occurred on March 31, 2022, my credit reports continued to show April 2022 as the charge-off month for this account.
8. I filed multiple disputes with TransUnion regarding this inaccuracy. Chase has now admitted in discovery that they received at least three ACDV dispute forms regarding my account in 2024.

9. Despite receiving these disputes and despite their own written confirmations of the correct March 31, 2022 charge-off date, Chase failed to correct their inaccurate reporting.

10. Chase has admitted in discovery that they "did not modify the charge-off date after sending its letters to Plaintiff in August and November 2024 because its furnishing was correct," despite their own letters stating the charge-off occurred on March 31, 2022.

11. I filed this lawsuit to address Chase's violations of the Fair Credit Reporting Act.

12. Chase filed its counterclaim in January 2025, over 33 months after the account charged off, and only after I filed my FCRA lawsuit against them. Chase has admitted in discovery that the counterclaim was filed "as part of its responsive pleading to Plaintiff's complaint in the instant action."

13. Chase has admitted in discovery that they made no collection attempts on this account between March 31, 2022 and January 22, 2025.

14. As a direct result of Chase's inaccurate reporting, I have suffered the following damages: a. Denial of preferred auto financing rates due to inaccurate credit information b. Higher mortgage interest rates offered based on the inaccurate credit reporting c. Significant time and effort spent disputing these inaccuracies (approximately 15 hours valued at $50/hour =

$750) d. Ongoing negative impact on my credit score and creditworthiness e. Emotional distress from dealing with inaccurate credit information f. Inability to obtain optimal credit terms due to the reporting inaccuracies

15. The inaccurate credit reporting continues to appear on my credit reports and continues to cause me concrete harm in my ability to obtain credit and financing.

16. Chase's conduct was particularly egregious because they confirmed the correct information in writing twice, received multiple disputes about this specific issue, but willfully refused to correct their inaccurate reporting.

17. All statements in this declaration are made based on my personal knowledge and are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 31, 2025 at Hackensack, New Jersey.

Philip Goldson

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2025, I served a copy of the foregoing Motion for Summary Judgment, Memorandum of Law, and Declaration on counsel for Defendant via ECF at the following address:

Christopher B. Turcotte
Turcotte Law, P.C.
641 Lexington Avenue, 15th Floor
New York, NY 10022
cturcotte@cbtlaw.com

Philip Goldson