**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

PHILIP GOLDSON,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant.

Case No. 2:24-cv-10869-SDW-JRA

# PLAINTIFF'S MOTION FOR SANCTIONS BASED ON PERJURY, FALSE DECLARATION, AND DISCOVERY MISCONDUCT

## INTRODUCTION

On December 11, 2025, Plaintiff deposed Defendant's Vice President Robert J. Wilkins in his individual capacity and as Defendant's Rule 30(b)(6) corporate representative.

During this deposition, Mr. Wilkins:

1. Committed perjury by testifying falsely under oath at least ten times;
2. Admitted that defense counsel Christopher Turcotte drafted his October 17, 2025 declaration, which was signed under penalty of perjury claiming "personal knowledge" Mr. Wilkins did not possess;
3. Admitted that document retrieval at Chase normally takes 48 hours, yet Plaintiff's documents took 107 days to produce - 55 times longer than normal; and
4. Provided testimony that directly contradicts Defendant's position in this litigation.

Chase's Assistant General Counsel attended the deposition via Zoom and personally witnessed all of this misconduct, taking no action to stop or correct it.

This conduct warrants sanctions under Federal Rule of Civil Procedure 37 and the Court's inherent authority.

## FACTUAL BACKGROUND

A. The October 17, 2025 Declaration

On October 17, 2025 - exactly on this Court's deadline after threatening sanctions - Defendant produced documents with a declaration from Robert J. Wilkins.

The declaration stated: "I, Robert J. Wilkins, declare under penalty of perjury... I make this Declaration based upon my personal knowledge."

At the December 11, 2025 deposition, Mr. Wilkins testified:

Q: "Did you personally draft this declaration?" A: "No."

Q: "Who drafted it?" A: "Turcotte" [defense counsel].

Q: "But you signed it under penalty of perjury claiming 'personal knowledge'?" A: "Yes."

This admission proves:

1. The declaration was not based on Mr. Wilkins' personal knowledge;
2. Defense counsel drafted a false statement;
3. Mr. Wilkins signed a false declaration under oath; and
4. Defense counsel suborned perjury.

B. The Perjury Regarding Credit Reporting

During the deposition, Mr. Wilkins testified at least ten times that "Chase does not report charge-off dates to credit bureaus."

Defense counsel endorsed this testimony on the record, stating: "He answered that 10 times already."

After a break, Plaintiff showed Mr. Wilkins Plaintiff's TransUnion credit report, which displays "Charged Off - April 2022" based on Chase's data.

Upon seeing this evidence, both Mr. Wilkins and Mr. Turcotte's mouths dropped visibly on camera.

Mr. Wilkins then admitted Chase does furnish charge-off dates to credit bureaus - directly contradicting his prior ten statements under oath.

This was perjury, caught on video, with the witness and attorney's shocked reactions captured on camera.

C. The 107-Day Document Withholding

Plaintiff served discovery requests on June 30, 2025.

On October 8, 2025, after months of delay, this Court ordered Defendant to produce documents by October 17, 2025 or face sanctions under Rule 26(g).

On October 17, 2025 - exactly on the deadline - Defendant produced documents claiming they were in a "secondary repository" due to an "e-Oscar system upgrade."

At the December 11, 2025 deposition, Mr. Wilkins testified:

Q: "How long does document retrieval normally take at Chase?" A: "48 hours."

Q: "My documents took 107 days?" A: "Yes."

Q: "That's 55 times longer than normal?" A: "Yes."

Mr. Wilkins could not explain why documents in Chase's possession took 107 days to locate when retrieval normally takes 48 hours.

This proves intentional withholding until this Court threatened sanctions.

D. Chase's Assistant General Counsel Witnessed the Misconduct

Chase's Assistant General Counsel attended the December 11, 2025 deposition of Robert Wilkins via Zoom.

Chase's in-house counsel personally witnessed:

1. Mr. Wilkins testify falsely at least ten times that "Chase does not report charge-off dates";
2. Defense counsel Christopher Turcotte endorse this false testimony on the record ("He answered that 10 times already");
3. Plaintiff present documentary evidence (TransUnion credit report) proving the testimony false;
4. Both Mr. Wilkins and Mr. Turcotte's visible shock on camera when confronted with proof;
5. Mr. Wilkins admit that Mr. Turcotte drafted his October 17, 2025 declaration claiming "personal knowledge";
6. Mr. Wilkins testify that document retrieval normally takes 48 hours at Chase but Plaintiff's took 107 days;
7. The complete inadequacy of Mr. Wilkins as a Rule 30(b)(6) witness.

Chase's Assistant General Counsel attended for approximately 45 minutes, then left the deposition.

Significance of In-House Counsel's Presence:

A. CORPORATE KNOWLEDGE

Chase cannot claim ignorance of the misconduct. Chase's senior legal officer personally witnessed the perjury, the false declaration admission, and the attorney misconduct.

B. CORPORATE APPROVAL

By having in-house counsel monitor the deposition and taking no action to stop or correct the false testimony, Chase ratified the misconduct at the highest legal level.

C. WILLFULNESS FOR PUNITIVE DAMAGES

Under FCRA § 1681n, punitive damages are available for "willful" violations.

Chase's Assistant General Counsel witnessed: • Confirmation that Chase confirmed the correct charge-off date (March 31, 2022) in its August 9, 2024 letter • Evidence that Chase continued reporting April 2022 after that confirmation • Testimony about ignored consumer disputes • VP lying to cover up the violations

Chase's in-house counsel now has actual knowledge that Chase:

1. Confirmed the correct date to the consumer
2. Continued reporting inaccurate date for 15+ months
3. Ignored multiple disputes
4. Had its VP lie under oath to defend these violations

This proves willfulness at the corporate level and supports substantial punitive damages.

D. BAD FAITH IN CURRENT LITIGATION

On December 12, 2025 - the next day after the deposition where Chase's Assistant General Counsel witnessed the perjury and misconduct - Defendant filed a joint discovery dispute letter at ECF No. 36 complaining about Plaintiff's discovery compliance.

Chase's Assistant General Counsel witnessed:

• Chase's 107-day document withholding (55x normal time)

• Defense counsel drafting false declarations

• VP committing perjury

• Defense counsel endorsing perjury

Yet Chase filed a letter that same day complaining about Plaintiff's discovery.

This demonstrates bad faith and confirms this is a coordinated effort to harass Plaintiff and distract from Chase's own misconduct.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes sanctions for failure to comply with discovery obligations, including:

• Directing that designated facts be taken as established;

• Prohibiting the disobedient party from supporting or opposing designated claims or defenses;

• Striking pleadings;

• Staying proceedings until the order is obeyed;

• Dismissing the action or rendering default judgment; or

• Treating the failure as contempt of court.

Additionally, courts have inherent authority to sanction parties and attorneys for litigation misconduct, including perjury and false declarations. Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

## ARGUMENT

I. MR. WILKINS COMMITTED PERJURY

18 U.S.C. § 1621 makes it a crime to knowingly make a false statement under oath in a matter before a court.

Mr. Wilkins testified falsely at least ten times that Chase does not report charge-off dates, then admitted the opposite when confronted with documentary proof.

This was not a misunderstanding or misstatement. Defense counsel confirmed Mr. Wilkins had answered "10 times already" before Plaintiff showed the contradictory evidence.

The shocked reaction on video when confronted with proof demonstrates consciousness of guilt.

Chase's Assistant General Counsel witnessed this perjury and took no action to stop or correct it, proving corporate knowledge and ratification.

II. DEFENSE COUNSEL DRAFTED A FALSE DECLARATION

Mr. Wilkins testified under oath that:

1. He did not draft the October 17, 2025 declaration;
2. Christopher Turcotte drafted it; and
3. He signed it claiming "personal knowledge."

New Jersey Rule of Professional Conduct 3.3(a)(1) prohibits a lawyer from knowingly making a false statement of fact to a tribunal.

By drafting a declaration for Mr. Wilkins claiming "personal knowledge" when Mr. Wilkins testified he merely signed what counsel gave him, Mr. Turcotte violated this rule.

This occurred while Chase's Assistant General Counsel monitored the deposition and witnessed the admission, proving institutional approval of the misconduct.

III. DEFENDANT INTENTIONALLY WITHHELD DOCUMENTS

Mr. Wilkins admitted document retrieval normally takes 48 hours at Chase.

Plaintiff's documents took 107 days.

The only explanation for this 55-fold delay is intentional withholding until this Court threatened sanctions on October 8, 2025.

Chase's Assistant General Counsel witnessed this admission and the exposure of Chase's document withholding strategy.

IV. CHASE'S INSTITUTIONAL MISCONDUCT

The presence of Chase's Assistant General Counsel at the deposition proves this is not the conduct of a rogue outside counsel or low-level employee.

This is institutional misconduct approved at the highest levels of Chase's legal department.

Chase's senior in-house lawyer witnessed:

• Perjury by corporate representative

• False declaration admitted

• 107-day document withholding exposed

• Attorney misconduct by outside counsel

And took no action to:

• Stop the false testimony

• Correct the record

• Instruct the witness to tell the truth

• Withdraw the false declaration

• Report the attorney misconduct

Instead, Chase filed a discovery dispute letter that same day complaining about Plaintiff's discovery.

This demonstrates institutional bad faith and corporate ratification of litigation misconduct at the highest level.

**RELIEF REQUESTED**

Plaintiff respectfully requests:

1. An order finding that Defendant willfully withheld documents for 107 days in violation of discovery obligations;
2. An order finding that defense counsel Christopher Turcotte drafted a false declaration signed under penalty of perjury;
3. An order finding that Robert Wilkins committed perjury during his December 11, 2025 deposition;
4. An order finding that Chase, through its Assistant General Counsel's presence at and failure to stop the December 11, 2025 misconduct, ratified and approved: a. Perjury by its corporate representative b. False sworn declaration drafted by outside counsel c. Discovery misconduct (107-day withholding) d. Attorney misconduct by outside counsel
5. An order finding that Chase's institutional misconduct at the Assistant General Counsel level proves willful FCRA violations justifying substantial punitive damages;
6. An adverse inference instruction at trial that Defendant's credit reporting was inaccurate and willfully violated FCRA;
7. Attorney's fees and costs incurred in connection with Defendant's discovery misconduct;
8. An order precluding Defendant from using the October 17, 2025 declaration as evidence;
9. An order requiring Defendant to designate a different, properly prepared Rule 30(b)(6) witness;
10. An order requiring Defendant to produce Chase's Assistant General Counsel for deposition regarding: a. What he witnessed on December 11, 2025 b. What actions he took (or failed to take) after witnessing perjury c. Whether he approved the strategy of having Mr. Wilkins testify falsely d. Whether he approved defense counsel drafting false declarations e. Chase's institutional policies regarding truthful testimony f. Why Chase filed a discovery complaint on the same day its senior lawyer witnessed Chase's own misconduct
11. Such other relief as the Court deems just and proper, including referral of Mr. Wilkins' perjury to appropriate authorities and referral of Mr. Turcotte's conduct to the New Jersey Office of Attorney Ethics.

Respectfully submitted,

Philip Goldson

Dated: December 13, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2025, I served a copy of this motion on Defendant's counsel via email and ECF.

Philip Goldson