**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

PHILIP GOLDSON,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant.

Case No. 2:24-cv-10869-SDW-JRA

# PLAINTIFF'S MOTION TO POSTPONE PLAINTIFF'S DEPOSITION PENDING RESOLUTION OF DISCOVERY DISPUTES AND SANCTIONS MOTION

Plaintiff moves to postpone his deposition currently scheduled for December 18, 2025, pending resolution of outstanding discovery disputes and Plaintiff's Motion for Sanctions.

## BACKGROUND

Defendant noticed Plaintiff's deposition for December 18, 2025.

On December 11, 2025, Plaintiff deposed Defendant's Vice President Robert Wilkins. During that deposition, Mr. Wilkins:

1. Committed perjury at least ten times by testifying falsely that "Chase does not report charge-off dates to credit bureaus";
2. Admitted defense counsel Christopher Turcotte drafted his October 17, 2025 declaration that Mr. Wilkins signed under penalty of perjury claiming "personal knowledge";
3. Admitted document retrieval normally takes 48 hours at Chase but Plaintiff's documents took 107 days - 55 times longer than normal;
4. Gave evasive and contradictory testimony throughout the deposition; and
5. Proved to be an inadequate Rule 30(b)(6) corporate representative.

Chase's Assistant General Counsel attended the deposition via Zoom and personally witnessed all of this misconduct.

On December 12, 2025, Defendant filed a joint discovery dispute letter at ECF No. 36 claiming Plaintiff has not fully complied with discovery.

Plaintiff has filed a Response to that letter and a Motion for Sanctions based on:

• Perjury by Defendant's corporate representative

• False declaration drafted by defense counsel

• 107-day intentional document withholding

• Inadequate Rule 30(b)(6) preparation

• Chase's Assistant General Counsel witnessing and ratifying the misconduct

## ARGUMENT

### I. DISCOVERY IS NOT COMPLETE

Federal Rule of Civil Procedure 26(d)(2) provides that discovery should proceed in a logical sequence.

Defendant's Rule 30(b)(6) witness gave inadequate, evasive, and perjurious testimony on December 11, 2025.

Plaintiff is entitled to depose a properly prepared corporate representative before being deposed himself.

Additionally, Defendant claims in ECF No. 36 that discovery is incomplete and seeks to compel additional documents from Plaintiff.

It would be inequitable to require Plaintiff's deposition while:

(a) Defendant claims discovery is incomplete, and

(b) Plaintiff's sanctions motion regarding Defendant's inadequate witness remains pending.

### II. DEFENDANT'S CREDIBILITY IS DESTROYED - CANNOT CONDUCT FAIR DEPOSITION

Defendant claims I have not produced all discovery documents and seeks to compel additional production. ECF No. 36.

Yet Defendant has proven itself untrustworthy through:

• 107-day intentional document withholding (testified under oath normal is 48 hours)

• Defense counsel drafting false declaration for witness

• VP committing perjury at least ten times during December 11, 2025 deposition

• Defense counsel endorsing that perjury on the record

• Both showing visible shock on video when caught in lies

• Chase's Assistant General Counsel witnessing all of this and taking no action

How can a fair deposition of Plaintiff proceed when:

(a) Defendant claims Plaintiff's discovery is incomplete, but (b) Defendant has demonstrated a pattern of lying about discovery?

If Defendant lies about what documents exist, lies under oath about credit reporting, has defense counsel draft false declarations, and has their senior in-house counsel witness and approve all of this - how can Plaintiff trust that Defendant's claims about "missing documents" are truthful?

A deposition conducted under the cloud of Defendant's false discovery claims would be fundamentally unfair.

Example of Potential Unfairness:

At Plaintiff's deposition, defense counsel may ask:

"You listed 'email correspondence with Chase' in your Rule 26 disclosures. Where are those emails?"

But Plaintiff has no emails - all correspondence was by mail and has been produced.

The Rule 26 disclosure listed anticipated documents, some of which don't exist.

Given Defendant's pattern of fabrication, Defendant may claim documents exist when they don't, then use Plaintiff's denial as supposed "impeachment."

This is exactly what happened at Mr. Wilkins' deposition:

Defendant had Mr. Wilkins testify falsely that "Chase does not report charge-off dates" - a claim defense counsel endorsed on the record.

Only when confronted with documentary proof (TransUnion report) did the lie become evident.

Defendant has shown willingness to make false claims and have witnesses testify falsely to support those claims - while their own Assistant General Counsel watches and does nothing.

Plaintiff's deposition cannot proceed fairly while:

(1) Defendant claims Plaintiff's discovery is incomplete based on claims from a party with destroyed credibility;

(2) Defendant's own VP gave perjurious and inadequate testimony as Rule 30(b)(6) witness;

(3) Plaintiff's Motion for Sanctions regarding Defendant's discovery misconduct remains unresolved;

(4) The Court has not determined whether Defendant must produce a properly prepared Rule 30(b)(6) witness for second deposition; and

(5) Chase's Assistant General Counsel witnessed perjury and attorney misconduct but took no action to stop or correct it, demonstrating institutional bad faith.

Postponing Plaintiff's deposition until these issues are resolved ensures fairness and judicial economy.

## III. JUDICIAL ECONOMY

This Court should resolve the pending discovery disputes and sanctions motion before proceeding with Plaintiff's deposition.

If the Court grants Plaintiff's motion and orders a new Rule 30(b)(6) deposition with a properly prepared witness, that deposition should occur before Plaintiff's deposition.

If the Court grants an adverse inference instruction based on Defendant's discovery misconduct, that affects what discovery is necessary.

If the Court finds that Defendant's discovery complaints lack credibility given their proven pattern of fabrication, that affects the need for further discovery from Plaintiff.

Proceeding with Plaintiff's deposition on December 18 would be premature and waste judicial resources.

## IV. DEFENDANT'S MISCONDUCT SHOULD NOT BE REWARDED

Defendant:

• Withheld documents for 107 days (normal retrieval: 48 hours)

• Produced an inadequate 30(b)(6) witness who committed perjury

• Had defense counsel draft a false declaration

• Had Chase's Assistant General Counsel witness and approve all of this

• Now seeks to depose Plaintiff while disputing Plaintiff's discovery compliance

Defendant should not be permitted to proceed with Plaintiff's deposition while its own discovery misconduct remains unresolved.

To allow Defendant to depose Plaintiff under these circumstances would reward Defendant's bad faith and create an unfair advantage for a party that has: • Lied under oath • Fabricated sworn declarations • Withheld discovery • Had senior in-house counsel witness and ratify all of it

CONCLUSION

Plaintiff respectfully requests that the Court postpone Plaintiff's December 18, 2025 deposition until:

1. The Court resolves Defendant's discovery dispute letter at ECF No. 36;
2. The Court resolves Plaintiff's Motion for Sanctions; and
3. If ordered, Defendant produces a properly prepared Rule 30(b)(6) witness for a second deposition.

Respectfully submitted,

Philip Goldson

Dated: December 13, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2025, I served a copy of this motion on Defendant's counsel via email and ECF.

Philip Goldson