**TURCOTTE LAW, P.C.**
641 Lexington Avenue, 15th Floor, New York, New York 10022

**Christopher B. Turcotte**
Direct Dial: (212) 937-8499
Direct Fax: (646) 417-5851
E-Mail: cturcotte@cbtlaw.com

January 26, 2026

**VIA E-FILING**
Honorable Jose R. Almonte
United States District Court for New Jersey
Frank R. Lautenberg U.S. Post Office
& U.S. Courthouse
2 Federal Square
Newark, New Jersey 07102

RE: *Goldson v. JPMorgan Chase Bank, N.A.*
Case No. 2:24-cv-10869-SDW-JRA

Dear Judge Almonte:

This firm represents defendant JPMorgan Chase Bank, N.A. ("Chase"), in the above-referenced matter. We write in response to *pro se* Plaintiff Philip Goldson's letter to the Court dated January 22, 2026 (and docketed on January 23, 2026), identifying Ratish T. Kumar as a "Chase employee" whom he requests leave to depose (*see* ECF No.57) and to quash the Notice of Deposition of Ratish T. Komar served on January 25, 2026, without leave of court. *See* Kumar Notice of Deposition annexed hereto as Ex. 1.

By way of background, following a discovery dispute videoconference held before Your Honor on January 9, 2026, by text order dated January 12, 2026 [ECF No. 52], the Court extended discovery through February 9, 2026 to afford Plaintiff time to comply with ordered supplemental discovery responses to Chase and to permit Chase to take Plaintiff's deposition, which had been scheduled for December 18, 2025 but unilaterally cancelled by Plaintiff in view of pending discovery disputes. The text order also directed Plaintiff to submit a letter to the Court by January 16, 2026 "advising whether he intends to depose any other witnesses, and if so, the reasons explaining the relevance of that witness's proposed testimony." By letter dated January 12, 2026 [ECF No. 53], Plaintiff requested permission to depose only one witness, Chase Assistant General Counsel Matthew Reedy, and, following Chase's opposition to same [ECF No. 55], Your Honor denied the request. *See* ECF No. 56.

In the wake of this, and beyond the deadline set by Your Honor, Plaintiff now seeks to depose Ratish T. Kumar, an Automated Consumer Dispute Verification ("ACDV") processor,[1]

[1] Each year the Consumer Data Industry Association ("CDIA") publishes a manual called the Credit Reporting Resource Guide ("CRRG"), also known as the Metro 2 manual. The Metro 2 consists of codes and characters which furnishers like Chase use to populate data fields defined by the credit reporting agencies on Automated Consumer Dispute Verification ("ACDV") forms, and the credit reporting agencies then display the furnisher's account information on consumer credit reports and disclosures. Upon the

who responded to just one of Plaintiff's ten credit reporting disputes, in September 2024. Following his request for leave to depose Mr. Kumar filed this past Friday, January 23, 2026 (ECF No. 57), yesterday at approximately 8:45 pm EST, Plaintiff served a "Notice of Deposition Pursuant to Rule 30(b)(6)" noticing the deposition of Mr .Kumar for February 2, 2026, without the Court having first ruled on his letter motion for leave to do so. For the reasons which follow, Chase objects to this request.

First, apart from Plaintiff's request for leave failing to comply with the deadline set forth in the Court's January 12, 2026 text order, as previously noted in Chase's opposition to the requested Reedy deposition, it bears repeating that on December 11, 2025, in response to Plaintiff's Rule 30(b)(6) deposition notice, Chase's Robert Wilkins, a Vice President/Business Analysis Manager who testified that he presently manages Chase's credit bureau dispute teams, oversees approximately seventy-five ACDV processors, and has worked in Chase's Credit Bureau Operations ("CBO") department for 19 of his 20-year tenure, sat for a remote deposition. At the time of Mr. Wilkins's deposition, Plaintiff was in possession of all of Chase's ACDVs associated with his account, as well as the corresponding account notes which memorialize each ACDV processor's review and investigatory actions in connection with same, and had a full opportunity to question Mr. Wilkins about such records. Plaintiff's Rule 30(b)(6) deposition notice identified, *inter alia*, as topics for examination (i) "Chase's policies, procedures, and practices for furnishing consumer credit information to credit reporting agencies, including charge-off dates", (ii) "Chase's policies, procedures, and practices for investigating consumer disputes received via ACDV forms from credit reporting agencies,", (iii) "Chase's compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., including training provided to employees," (iv) "[t]he investigations conducted by Chase in response to disputes regarding Plaintiff's account …," and (v) "[w]hy Chase continued to report a charge-off date of April 2022 to credit reporting agencies after confirming in writing on August 9, 2024 that the account was changed off on March 31, 2022." *See* Rule 30(b)(6) Deposition Notice annexed hereto as Ex. 2. This is the same subject matter to which Plaintiff now seeks to examine Mr. Kumar. *See* ECF No. 57, at §3. Mr. Wilkins was qualified and prepared to testify to all of these subjects at his deposition and, as noted, Plaintiff was afforded a full and fair opportunity to examine him in detail regarding these matters.

Second, Mr. Kumar is a resident of India and an employee of JPMorgan Services India Private Limited, a wholly owned, indirect subsidiary of JPMorgan Chase & Co. (the parent holding company of defendant), and not an employee of defendant Chase. Even if Mr. Kumar were an employee of Chase – which he is not – Plaintiff cannot depose an individual Chase employee who is neither a party to this lawsuit, nor an officer, director, or managing agent of Chase without serving such employee with a proper *subpoena*, which Plaintiff has not done. Further, Mr. Kumar is an Indian national, requiring that any subpoena be served in compliance with the Hague Convention.

Unless the corporation has designated the employee to testify on its behalf pursuant to Rule 30(b)(6), or the employee is a corporation's officer, director, or managing agent, "an employee is treated as any other non-party witness, and must be subpoenaed pursuant to Rule 45 of the Federal

---

credit reporting agency receiving a dispute from the consumer, ACDVs are transmitted to and from the credit reporting agency on a digital platform known as e-Oscar. Mr. Kumar was tasked with receiving an ACDV from a credit bureau, comparing the account information on the ACDV maintained by the credit bureau with the information on Chase's system of record, and either verifying the information or making any updates as necessary.

Rules of Civil Procedure; or, if the witness is overseas, the procedures of the Hague Convention or other applicable treaty must be utilized." *Schindler Elevator Corp. v. Otis Elevator Co.*, 2007 WL 1771509, at *2 (S.D.N.Y. June 18, 2007). Chase's ACDV processors do not qualify as a Chase officer, director, or managing agent of Chase. "[T]he question of whether a person is a managing agent, and therefore subject to a notice of deposition, is answered pragmatically and on a fact-specific basis" with the following factors considered: (1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party; (3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; (4) the general responsibilities of the individual respecting the matters involved in the litigation; and (5) whether the individual can be expected to identify with the interests of the corporation. *Id.*

Chase submits that the recent decision in the matter of *Petras v. Navy Federal Credit Union, et al*., 20-cv-00874-RFB-BNW (D. Nev. Jan. 8, 2021), which granted Chase's motion for a protective order relative to deposition notices issued to its ACDV processors located in the Philippines, is instructive, particularly given managing agent status must be judged on a "fact-specific basis." *See* 1-8-21 Transcript annexed hereto as Ex. 3. In evaluating the foregoing factors, the *Petras* court, in granting Chase's motion for a protective order, held:

1) Chase "has attested that these [ACDV processors] do not have any power to exercise judgment and discretion in corporate matters, but rather are required to strictly follow Chase's policies and procedures. Plaintiff has not rebutted this or carried its burden to establish otherwise. This factor cuts against plaintiff." Tr. at 7:17-22.

2) "[R]egarding whether the individual can be relied upon to give testimony at its employer's request, defendant argues these employees' duties do not include providing testimony in suits against their employer. . . . [D]efendant argues that plaintiff has not established, but rather only speculated that these employees could be relied on to provide testimony at their employer's request. The Court agrees with defendant and finds that plaintiff has not carried its burden on this element. Plaintiff offers no evidence, but only speculation that these employees could be relied on to provide testimony for defendant." Tr. at 8:2-16.

3) "[D]efendant argues that Chase employs persons in positions higher than those of the four employees here in regards to the review and investigation of customer credit reporting disputes and customer fraud claims as well as Chase's applicable policies and procedures. . . . Plaintiff does not dispute these facts. Instead, he argues he seeks to depose people with firsthand knowledge of the applicable investigations. This factor cuts in favor of defendant as plaintiff has not disputed defendant's affirmative evidence that it employs people in positions of higher authority in the same substantive areas as the employees plaintiff seeks to depose. While the Court understands why plaintiff may want to depose people with firsthand … knowledge of relevant investigation, that is not the relevant inquiry under this factor. Again, the relevant inquiry is whether defendant employs people in positions of higher authority in the same areas as the persons sought to be deposed." Tr. at 8:19-9:14.

4) "[R]egarding the general responsibilities of the individuals respecting the matters involved in this litigation, defendant argues that the four employees at issue review and investigate information contained in customer credit reporting disputes and customer fraud claims in strict accordance with Chase's policies and procedures . . . . Because they were required to follow Chase's dispute policies and procedures, these employees exercised virtually no independent discretion in the actions they took to complete the investigations at issue here. . . . The Court understands and agrees that they may have highly relevant testimony, but plaintiff has not established that these employees have general responsibilities that indicate they are managing agents." Tr. at 9:16-10:14.

*See also Rice v. Experian Information Solutions, Inc.*, 2025 WL 1921959, at *4-5 (C.D. Ca. July 9, 2025)(court found that ACDV operators are not managing agents and to hold otherwise could "create[ ] a framework under which any employee or witness can be elevated to 'managing agent' status simply by performing some function relevant to the litigation …."); *In re Benicar (Olmesartan) Products Liability Litigation*, 2016 WL 5817262, at *3-6 (D.N.J. Oct. 4, 2016)(court denied plaintiff's motion to compel depositions of two German nationals employed by defendants' German affiliate, finding that while witnesses possessed relevant knowledge, plaintiff did not establish they were managing agents and failed to show the information sought was not otherwise available from other witnesses already deposed).

Similarly, with respect to the processors who responded to Plaintiff's ACDVs, (i) they do not hold a managerial position or have managerial responsibilities, (ii) their responsibilities include reviewing customer credit reporting disputes in strict accordance with Chase's policies and procedures, (iii) they exercise very little independent discretion when carrying out his/her responsibilities, and (iv) their duties do not include providing testimony in suits against Chase. In granting the protective order, the *Petras* court noted that "plaintiff is not left without recourse as it may seek these employees' depositions through subpoena" (Tr. at 10:22-24) – Chase submits the same result is warranted, and an alternative for Plaintiff is available, here.

Here, as noted, Chase has produced a knowledgeable corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) who manages ACDV operators to provide testimony based on the business records in this action, including the research and processing of ACDVs, and is a more robust source of relevant information in this case than a Chase processor who prepared one ACDV response relative to Plaintiff's account almost 18 months ago, who will have no independent recollection of doing so, having prepared hundreds if not thousands of ACDV responses since that time.

In view of the above, Chase submits Plaintiff's request should be denied.

Finally, on a related issue, the undersigned has requested that Plaintiff provide his availability for deposition from February 2nd through February 9, 2026, the current discovery deadline pursuant to Your Honor's January 12, 2026 order. By letter dated January 23, 2026, Plaintiff responded as follows:

> As you are aware, I have filed a request to depose an additional witness – the Chase employee who verified [one of] my Automated Consumer Dispute Verification (ACDV) disputes. The Court has not yet ruled on this request. I would like to complete this deposition before sitting for my own deposition, as the testimony may be relevant to my preparation. Once the Court rules on my

> request and I have completed that deposition, I will be happy to provide my availability for deposition.
>
> Alternatively, if you can identify the ACDV verifier and agree to produce them for deposition during the week of February 2-6, I am prepared to sit for the deposition during the same week, with my deposition to follow theirs.

Plaintiff's continued recalcitrance should not be condoned by the Court. In October, Chase originally noticed Plaintiff's deposition for November 18, 2025. However, Plaintiff insisted that he depose Chase's corporate representative first, and the undersigned accommodated this request, with the parties agreeing that Chase's representative would be deposed on December 3, 2025 and Plaintiff to be deposed on December 18, 2025, and these dates reported to the Court in a joint status report filed on November 5, 2025. *See* ECF No. 30. On December 2, 2025, less than 24 hours before Mr. Wilkins' scheduled deposition, Plaintiff notified the undersigned that he needed to reschedule the Wilkins deposition, which was subsequently taken on December 11, 2025. However, two days before Plaintiff's scheduled deposition, Plaintiff's motions for sanctions against Chase and to postpone Plaintiff's December 18, 2025 deposition pending resolution of the sanctions motion were docketed with the Court. The Court granted Plaintiff's motion to postpone Plaintiff's deposition [ECF No. 42] and denied Plaintiff's motion for sanctions. *See* ECF No. 52. Now, despite the fact Plaintiff's sanctions motion has been decided, and the Court extended the discovery deadline to permit Plaintiff's deposition, Plaintiff refuses to offer available dates until his untimely, eleventh-hour request for Mr. Kumar's deposition is decided.

Based on the foregoing, Chase respectfully requests that the Court quash Plaintiff's notice of deposition as to Ratish Kumar and order Plaintiff to immediately communicate to the undersigned his availability for deposition between February 2-9, 2026, as such deposition is independent of and should have priority over his request for leave to depose Mr. Kumar.

Respectfully submitted,

/s/*Christopher B. Turcotte*
Christopher B. Turcotte

Enclosures

cc: Philip Goldson, *Pro Se*
(via email – klassick.barz@gmail.com)

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

PHILIP GOLDSON,
Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
Defendant.

Case No.: 2:24-cv-10869-SDW-JRA

**NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)**

**TO:** JPMorgan Chase Bank, N.A.

c/o Christopher B. Turcotte, Esq.
Turcotte Law, P.C.
641 Lexington Avenue, 15th Floor
New York, New York 10022

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(1) and 30(b)(6), Plaintiff Philip Goldson will take the deposition of:

**Ratish T. Kumar, or the Chase employee(s) who verified Plaintiff's Automated Consumer Dispute Verification (ACDV) disputes concerning the account at issue in this litigation, or a corporate designee with knowledge of the following topics:**

**Date:** Monday, February 2, 2026

**Time:** 10:00 a.m. (Eastern Time)

**Location:** Via Zoom videoconference (link to be provided by Defendant), or at such other location as may be mutually agreed upon by the parties.

**TOPICS FOR EXAMINATION:**

1. The identity of the Chase employee(s) who received, reviewed, and/or verified Plaintiff's ACDV disputes concerning the account ending in 2315.

2. The specific steps taken by the witness to investigate Plaintiff's ACDV disputes, including what documents, records, or information were reviewed.

3. Whether the witness reviewed or had access to Defendant's August 9, 2024 letter to Plaintiff confirming the account charged off on March 31, 2022.

4. Whether the witness reviewed or had access to any internal Chase records reflecting the charge-off date of March 31, 2022.

5. The basis for the witness's verification that the information reported to credit bureaus was "accurate" despite Plaintiff's disputes.

6. The training provided to the witness regarding ACDV dispute verification and FCRA compliance.

7. Chase's policies and procedures for investigating consumer disputes received through the ACDV process.

8. The amount of time the witness spent reviewing and verifying each of Plaintiff's ACDV disputes.

9. Whether the witness made any notations, records, or reports regarding Plaintiff's ACDV disputes.

10. Any communications the witness had with supervisors, managers, or other Chase employees regarding Plaintiff's ACDV disputes.

The deposition will be recorded by stenographic means and may also be recorded by videotape.

If Defendant contends that the individual who verified Plaintiff's ACDV disputes is not available, or if multiple employees were involved in verifying Plaintiff's disputes, Defendant is requested to identify all such employees and designate a witness with knowledge of the above topics pursuant to Rule 30(b)(6).

Plaintiff is willing to accommodate reasonable scheduling requests. Please advise immediately if the noticed date and time are not convenient, and provide alternative dates within the discovery period (which closes February 9, 2026).

Dated: January 25, 2026

Respectfully submitted,

Philip Goldson

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2026, I served a copy of the foregoing Notice of Deposition on counsel for Defendant via email:

Christopher B. Turcotte, Esq.
cturcotte@cbtlaw.com

________________________________
Philip Goldson

# EXHIBIT 2

## DEPOSITION 2: CHASE 30(b)(6) CORPORATE REPRESENTATIVE

Date: December 2, 2025
Time: 10:00 AM Eastern Time
Location: Via Zoom videoconference via MGR Reporting (link to be provided)
Duration: Up to 7 hours

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff notices the deposition of JPMorgan Chase Bank, N.A. through one or more designated corporate representatives prepared to testify on the following topics:

1. Chase's policies, procedures, and practices for furnishing consumer credit information to credit reporting agencies, including charge-off dates

2. Chase's policies, procedures, and practices for investigating consumer disputes received via ACDV forms from credit reporting agencies

3. Chase's policies, procedures, and practices for determining when an account is charged off and the date assigned as the charge-off date

4. Chase's policies, procedures, and practices for correcting or updating information furnished to credit reporting agencies when inaccuracies are discovered

5. Chase's compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., including training provided to employees

6. The facts and circumstances surrounding Chase's furnishing of credit information to TransUnion regarding Plaintiff's account ending in 2315, including the charge-off date

7. The investigations conducted by Chase in response to disputes regarding Plaintiff's account, including those reflected in ACDV forms Bates-stamped

CHASE-000165 through CHASE-000167 and CHASE-000171 through CHASE-000173

8. Chase's communications with Plaintiff regarding his account, including letters dated August 9, 2024 and November 3, 2024

9. Why Chase continued to report a charge-off date of April 2022 to credit reporting agencies after confirming in writing on August 9, 2024 that the account was charged off on March 31, 2022

10. Chase's document retention policies and procedures related to consumer disputes and credit reporting

11. The circumstances surrounding the production of documents CHASE-000192 through CHASE-000204 on October 17, 2025

12. Any and all matters relevant to Plaintiff's claims and Defendant's defenses in this litigation

**GENERAL PROVISIONS:**

1. The depositions will be recorded stenographically and may also be recorded by videography at Plaintiff's option.

2. Plaintiff requests that the witness(es) bring to the deposition all documents referenced in the deposition topics and any documents the witness intends to rely upon during testimony.

3. If the designated date, time, or manner of taking any deposition is inconvenient, please contact the undersigned immediately to arrange a mutually convenient time and manner.

4. Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant must designate and produce the corporate representative(s) for Deposition 2 to testify on behalf of the organization about information known or reasonably available to the organization on the noticed topics.

Respectfully submitted,

Philip Goldson
140 State Street Apt 1A
Hackensack, NJ 07601
718-395-0532
Klassick.barz@gmail.com
Plaintiff Pro Se

Dated: October 21, 2025

# CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, I served a copy of the foregoing Notice of Depositions on counsel for Defendant via email at cturcotte@cbtlaw.com.

Philip Goldson

# EXHIBIT 3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER PETRAS, Plaintiff, vs. NAVY FEDERAL CREDIT UNION; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; EQUIFAX INFORMATION SERVICES, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC., Defendants. | Case No. 2:20-cv-00874-RFB-BNW<br>Las Vegas, Nevada<br>January 8, 2021<br>MOTION FOR A PROTECTIVE ORDER<br>***C E R T I F I E D C O P Y*** |

TRANSCRIPT OF PROCEEDINGS

THE HONORABLE BRENDA WEKSLER,
UNITED STATES MAGISTRATE JUDGE

APPEARANCES: See Next Page

DIGITALLY RECORDED: Liberty Court Recorder
1:31:54 p.m.

TRANSCRIBED BY: PATRICIA L. GANCI
(702) 385-0670

Proceedings recorded by electronic sound recording, transcript produced by mechanical stenography and computer.

APPEARANCES:

For the Plaintiff:

**MICHAEL KIND, ESQ.**
KIND LAW
8860 S. Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322

**MATTHEW MICHAEL LOKER, ESQ.**
LOKER LAW, APC
1303 East Grand Avenue, Suite 101
Arroyo Grande, California 93420
(805) 994-0177

For Defendant JPMorgan Chase Bank, National Association:

**JOEL EDWARD TASCA, ESQ.**
BALLARD SPAHR, LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
(702) 471-7000

For Defendant Experian Information Solutions, Inc.:

**JENNIFER L. BRASTER, ESQ.**
NAYLOR & BRASTER ATTORNEYS AT LAW, PLLC
1050 Indigo Drive, Suite 200
Las Vegas, Nevada 89145
(702) 420-7000

**DANIEL LOPEZ, ESQ.**
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612
(949) 851-3939

LAS VEGAS, NEVADA; FRIDAY, JANUARY 8, 2021; 1:31:54 P.M.

--oOo--

P R O C E E D I N G S

THE COURT: Good afternoon, everyone.

COURTROOM ADMINISTRATOR: Please be seated.

Good afternoon, Your Honor. Your Honor, we are now calling Christopher Petras versus Navy Federal Credit Union. The Case Number is 2:20-cv-0874-RFB-BNW.

Beginning with plaintiff's counsel, counsel, please state your names for the record.

MR. LOKER: Good afternoon, Your Honor. This is Matt Loker on behalf of Mr. Petras.

THE COURT: Good afternoon, Mr. Loker.

MR. KIND: This is Michael Kind on behalf of the plaintiff.

THE COURT: Good afternoon, Mr. Kind.

MR. TASCA: This is Joel Tasca on behalf of Defendant JPMorgan Chase.

THE COURT: Good afternoon.

MS. BRASTER: Good afternoon. This is Jennifer Braster on behalf of Experian.

THE COURT: Good afternoon, Ms. Braster.

MR. LOPEZ: Good afternoon, Your Honor. This is Daniel Lopez, counsel for Defendant Experian.

THE COURT: Good afternoon, Mr. Lopez.

All right. We are here on Defendant JPMorgan Chase Bank's motion for a protective order, which is at Document 39. The plaintiff's opposition is at Document 44, and the reply from the defense is at 47. I do not need any further argument from the parties. Excuse me. I am actually ready to give you my order.

And the transcript of this hearing will serve as your written order.

Plaintiff seeks to depose four individual Chase employees who investigated plaintiff's credit bureau disputes. Defendant opposes these depositions and seeks a protective order to prevent them. Defendant makes two arguments regarding why these depositions are impermissible. One, it is impermissible for plaintiff to seek to depose these four employees under Rule 30, Subsection (b)(1), as they are neither parties to the lawsuit nor officers, directors, or managing agents of Defendant Chase. Accordingly, if plaintiff wants to depose them, he must subpoena them for depositions under Rule 45.

As to the second argument, defendant argues that even if plaintiff could properly notice their depositions under Rule 30(b)(1), the depositions are not proportional to the needs of the case under Rule 26.

Plaintiff disagrees and opposes defendant's motion for a protective order. Plaintiff argues that the employees it seeks to depose are managing agents of Chase and, thus, may

properly be deposed under Subsection -- under Rule 30(b)(1). Plaintiff also argues that the depositions are proportional to the needs of this case.

Rule 26 governs the scope and limits of discovery. Information is discoverable if it is, one, relevant; two, proportional; and, three, not privileged. However, a party may seek a protective order to limit discovery under Rule 26(c) as defendant has done here.

As noted earlier, defendant argues that the depositions were improperly noticed under Rule 30(b)(1) and that they're disproportionate to the needs of the case. The Court will begin by addressing the parties' arguments under Rule 30 and whether the depositions were properly noticed under this rule.

Only parties and, if they are corporations, their officers, directors, and managing agents may have their depositions noticed under Rule 30(b)(1). That's the Garcia versus Service Employees International Union, which is at 2018 Westlaw 10721077, District of Nevada case from 2018.

For corporations, the parties seeking the deposition bears the burden of proving that the witness is an officer, director, or managing agent of the corporation. There's persuasive authority that this is, quote, a modest burden, and all doubts are to be resolved in favor of the party seeking the deposition. And I'm citing to In Re: Transpacific Passenger Air Transportation, which is 2013 Westlaw 67301675, North District

of California case from 2013.

Here, the dispute is whether the employees at issue are managing agents, and it is plaintiff's burden to prove that they are. District Courts consider several factors to determine, one, an employee is a managing agent including, one, whether the individual is invested with general powers allowing her to exercise judgment and discretion in corporate matters; two, whether the individual can be relied upon to give testimony at her employer's request in response to the demand of the examining party; three, whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; four, the general responsibility of the individual respecting the matters involved in the litigation. And that's the Odsather v. Fay Servicing case, which is 2019 Westlaw 11005500, Western District of Washington case from January 2019.

And I'm also relying on Bayer Schering Pharma v. Watson, which is a District of Nevada case from 2009 which is at 2009 Westlaw 10692949.

Here, defendant argues that the employees at issue are not managing agents. Defendant analyzed each of the factors just mentioned and provided declarations in support of its arguments. First, regarding whether the individual is invested with general powers allowing her to exercise judgment and

discretion in corporate matters, defendants submitted declarations stating that the roles and responsibilities of the four employees include reviewing and investigating customer credit reporting disputes and customer fraud claims in accordance with Chase's policies and procedures. Critically, defendant states that these employees do not wield any power to exercise judgment and discretion in corporate matters as part of their responsibilities.

In response, plaintiff points out that defendant does not state that any of these employees are required to obtain approval from or even consult with other employees or superiors within Chase before complying with Chase's investigation requirements. Thus, according to plaintiff, these employees have unfettered discretion.

The Court agrees with plaintiff's conclusion. Defendant has -- has attested that these employees do not have any power -- defendant has attested that these employees do not have any power to exercise judgment and discretion in corporate matters, but rather are required to strictly follow Chase's policies and procedures. Plaintiff has not rebutted this or carried its burden to establish otherwise. This factor cuts against plaintiff.

So let me just reread you the first sentence in that case. It's the Court disagrees with plaintiff's conclusion; not agrees but disagrees. So this factor does indeed cut against

Case 2:20-cv-00874-RFB-BNW Document 58 Filed 03/10/21 Page 8 of 11





the plaintiff.

Second, regarding whether the individual can be relied upon to give testimony at its employer's request, defendant argues these employees' duties do not include providing testimony in suits against their employer.

In response, plaintiff states that it would be surprising if any of the employees would refuse Chase's request to appear at a deposition.

In reply, defendant argues that plaintiff has not established, but rather has only speculated that these employees could be relied on to provide testimony at their employer's request.

The Court agrees with defendant and finds that plaintiff has not carried its burden on this element. Plaintiff offers no evidence, but only speculation that these employees could be relied on to provide testimony for defendant.

Third, regarding whether any person is employed by the corporate employer in positions of higher authority than the individuals sought to be deposed, defendant argues that Chase employs persons in positions higher than those of the four employees here in regards to the review and investigation of customer credit reporting disputes and customer fraud claims as well as Chase's applicable policies and procedures. David Rivera, an account manager for Chase, and Robert Nolte, a fraud manager for Chase, who both submitted declarations, are two such

people.

Plaintiff does not dispute these facts. Instead, he argues he seeks to depose people with firsthand knowledge of the applicable investigations.

This factor cuts in favor of defendant as plaintiff has not disputed defendant's affirmative evidence that it employs people in positions of higher authority in the same substantive areas as the employees plaintiff seeks to depose. While the Court understands why plaintiff may want to depose people with firsthand -- with firsthand knowledge of relevant investigation, that is not the relevant inquiry under this factor. Again, the relevant inquiry is whether defendant employs people in positions of higher authority in the same areas as the persons sought to be deposed. Defendant declares that it does and plaintiff has not established otherwise.

Fourth, regarding the general responsibilities of the individuals respecting the matters involved in this litigation, defendant argues that the four employees at issue review and investigate information contained in customer credit reporting disputes and customer fraud claims in strict accordance with Chase's policies and procedures to routinize how such claims are handled. Because they were required to follow Chase's dispute policies and procedures, these employees exercised virtually no independent discretion in the actions they took to complete the investigation at issue here.

In response, plaintiff argues that the four employees' actions are closely linked to the suits and indeed at the heart of it.

In reply, defendant does not dispute that these employees may have relevant testimony, but note that this factor focuses on the responsibilities of the people seeking to be deposed.

Again, the Court finds that this factor cuts against plaintiff. Plaintiff has not established that these employees have general responsibilities, but suggests they may -- but suggests that they are managing agents. The Court understands and agrees that they may have highly relevant testimony, but plaintiff has not established that these employees have general responsibilities that indicate they are managing agents.

Accordingly, the Court finds that plaintiff has not carried its burden to demonstrate that the four employees sought to be deposed are managing agents of defendant. As such, their depositions may not be noticed under Rule 30(b)(1). Because the Court makes this finding, it does not need to address whether the depositions are disproportional to the needs of this case under Rule 26.

The document at 39 is granted. Finally, the Court notes that plaintiff is not left without recourse as it may seek these employees' depositions through subpoenas.

Let me ask the plaintiff if there are any questions.

MR. LOKER: No questions, Your Honor. Thank you --

THE COURT: All right.

MR. LOKER: -- for the effort, however.

THE COURT: Very well.

How about the defense, any questions?

MR. TASCA: No questions, Your Honor. Thank you.

THE COURT: All right. That concludes this hearing. Thank you, everyone. Have a good and safe weekend.

MR. LOKER: Thank you, Your Honor.

MR. TASCA: Thank you, Your Honor.

MS. BRASTER: Thank you, Your Honor.

MR. LOPEZ: Thank you, Your Honor.

(Whereupon the proceedings concluded at 1:44:11 p.m.)

--oOo--

I, Patricia L. Ganci, court-approved transcriber, certify that the foregoing is a correct transcript transcribed from the official electronic sound recording of the proceedings in the above-entitled matter.

/s/ PATRICIA L. GANCI — MARCH 10, 2021
Patricia L. Ganci — Date