**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PHILIP GOLDSON,<br>Plaintiff,<br>- against -<br><br>JPMORGAN CHASE BANK, N.A.,<br>Defendant. | Case No. 2:24-cv-10869-SDW-JRA<br><br>**ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO SEAL EXHIBITS** |

**THIS MATTER** having come before the Court, upon notice to all parties, on the motion filed by JPMorgan Chase Bank, N.A. ("Chase") pursuant to Local Civil Rule 5.3(c) to file Exhibits D, E, F, G, and H of the Declaration of David J. Rivera dated October 15, 2026 in support of Chase's Motion for Summary Judgment, filed at Dkt. Nos. 91, 91-1 to -7, under seal (Dkt. No. 90) ("the Motion"), and the Court having considered Chase's arguments, and Plaintiff having submitted no opposition to the Motion, and for good cause shown;

**IT IS HEREBY FOUND** as follows:

**FINDINGS OF FACT**

1. The materials sought to be sealed consist of private, confidential and/or financial information of Plaintiff and details software and procedures which are proprietary, commercially sensitive, and confidential to Chase, located at Dkt. Nos. 91, 91-1 to -7.
2. Disclosure of these materials would cause a clearly defined and serious injury to (i) Chase by releasing software, record-keeping and operational procedures which are proprietary, commercially sensitive, and confidential to Chase, and (ii) Plaintiff by releasing his private, confidential and/or financial information.

3. As stated within the Declaration of Christopher B. Turcotte, Dkt. No. 90-1 ¶ 4, incorporated herein, "[t]he D. Rivera Declaration references and annexes documents as exhibits that were produced by Chase in discovery and designated as "CONFIDENTIAL" in accordance with the Discovery Confidentiality Order without objection by any party. Specifically, Exhibits D to the D. Rivera Declaration are excerpted account notes for Mr. Goldson's Chase credit card account ending in the four digits 2315, which identify private, confidential and/or financial information. The account notes also detail software, record-keeping and operation procedures, and/or coding which are proprietary, commercially sensitive and confidential to Chase. Exhibits E, F, G, and H to the D Rivera Declaration are Automated Consumer Dispute Verification ("ACDV") records between Chase and credit bureaus TransUnion, Experian and Equifax, which details private, confidential and/or financial information as to [P]laintiff Philip Goldson, and includes software and coding which is proprietary, commercially sensitive and confidential to Chase, TransUnion, Experian and Equifax. [(Dkt. Nos. 91-1 to -7). Conversely, the public's interest in these materials is minimal at best and the public significance of the documents is slight at best."

4. No less restrictive alternative to sealing, such as redacting specific portions, is feasible because no level of redaction will prevent disclosure of software, record-keeping and operational procedures which is proprietary, commercially sensitive, and confidential to Chase.

**CONCLUSIONS OF LAW**

1. Pursuant to Local Civil Rule 5.3(c) and federal common law, the movant has overcome the presumptive right of public access by demonstrating a compelling/legitimate

private or public interest that outweighs the public's right to know. *See Migliore v. Seibert*, 2024 WL 1327947, at *10 (D.N.J. Mar. 28, 2024)(lender defendant "has a legitimate privacy interest in maintaining the confidentiality of its business agreements, trade secrets, and commercial information, and a breach of this confidentiality can result in serious injury through reduced standing in the marketplace as competitors learn of its business practices") (citing *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012)); *Rosenberg v. Chase Bank USA, N.A.*, Case No. 3:19-cv-00042-FLW-ZNQ, at ECF No. 47, at 3-4 (order finding, as to Chase credit card account notes "exemplify[ing] Chase's commercially sensitive processes for reviewing and tracking disputes and account records," a "strong private interest in maintaining the confidentiality of … the details of Chase's internal record-keeping" for which redacting the exhibits would be "impractical"); *Buziou v. Risk Management Alternative, Inc.*, 2003 WL 870700, at *3 (E.D. Pa. Apr. 5, 20024) (sustaining confidential designation, court held that collection firm's "notes of communications with its customers and debtors is precisely the kind of information that a competitor would love to have").

2. The proposed restriction is narrowly tailored to serve that interest.

**IT IS THEREFORE ORDERED** on this **5th** day of **November**, 2026, that:

1. The motion to seal is **GRANTED** (Dkt. No. 90);
2. Dkt. Nos. 91, 91-1 to -7 shall remain **SEALED** and restricted from public view on the CM/ECF system.

Hon. José R. Almonte, U.S.M.J.